UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE WHITE,<br><br>Plaintiff,<br><br>vs.<br><br>TRANS UNION, LLC, QUINCY CREDIT UNION; and DOES 1 to 10, inclusive,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. THE FAIR CREDIT REPORT ACT, 15 U.S.C. § 1681 *et seq.*;<br>2. MASSACHUSETTS CREDIT REPORTING LAW, Mass. Gen. Laws ch. 93, §§48-70<br>3. MASSACHUESTTS CONSUMER PROTECTION LAW, Mass. Gen. Laws ch. 93A, §1-11<br>4. FEDERAL RULES OF BANKRUPTCY 11 U.S. Code §362(a) & §524(a), |

Plaintiff Michelle White ("Plaintiff"), by and through her attorneys, brings this action to secure redress from unlawful credit reporting practices and violations of the Federal Bankruptcy Code engaged in by Defendants, Trans Union, LLC (herein after "Trans Union"), Quincy Credit Union (herein after collectively referred to as "Quincy"), ("Defendants").

## INTRODUCTION

Count I of Plaintiff's Complaint is based on violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 *et seq*., against Trans Union, Quincy and their agents for their unlawful reporting of inaccurate information on Plaintiff's credit report.

Count II of Plaintiffs' Complaint is based on violations of the Massachusetts Credit Reporting Law (MCRL), Mass. Gen. Laws ch. 93 §§48-70, against Quincy and their agents for their unlawful reporting of inaccurate information on Plaintiff's credit report.

Count III of Plaintiff's Complaint is based on violations of the Massachusetts Consumer Protection Law (MCPL), Mass. Gen. Laws ch. 93A, §§1-11, and regulations adopted by the Massachusetts attorney general thereunder, against Quincy and their agents for their communication of false and misleading information concerning a debt – including its character, extent and amount – and debt collection about Plaintiff, disgracing Plaintiff.

Count IV of Plaintiffs' Complaint is based on violations of the Federal Rules of Bankruptcy, 11 U.S. Code §362(a) & §524(a), against Quincy and their agents for their unlawful collection practices and credit reporting during Plaintiff's active Chapter 13 Bankruptcy.

## VENUE AND JURISDICTION

1. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p, and 28 U.S.C. §1367(a).
2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a

substantial part of the events or omissions giving rise to the claim occurred in this District.

3. Defendants transact business here; as such, personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person who resides in Norfolk County, Massachusetts.

5. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c)

6. Defendant, Trans Union, is a credit reporting agency as defined by the FCRA, 15 U.S.C. 1681a(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer *reports*, as defined in 15 U.S.C. 1681a(d), to third parties. Trans Union's principal place of business is located at 555 West Adams St. Chicago, IL 60661.

7. Defendant, Quincy, is a loan servicer with its principal place of business located at 100 Quincy Ave. Quincy, MA 02169, who regularly transacts business within the state of Massachusetts. Quincy is an entity which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA. Further, Quincy is a "person" as defined by FCRA 1681a(b) and a debt collector as defined by 1692a(6).

8. At all times relevant herein, Trans Union was an entity for which monetary fees,

dues or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practices of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing and furnishing consumer reports and is therefore a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. On or about June 22, 2020, Plaintiff filed a voluntary bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code, in the United States Bankruptcy Court for Massachusetts, case number 20-11377.

11. Plaintiff received a Chapter 7 bankruptcy discharge on or about September 29, 2020.

12. As part of her bankruptcy plan, Plaintiff discharged her debts.

13. Plaintiff was eager to begin working on improving her credit following his bankruptcy.

14. Sometime after filing for bankruptcy, Plaintiff reviewed her Experian, Equifax, and Trans Union credit reports to ensure that his bankruptcy and credit reports were being reported accurately.

15. Plaintiff discovered that her Trans Union credit report was reporting her Quincy Credit Union as past due, despite discharging the debt in bankruptcy.

16. Plaintiff's Equifax and Experian credit reports both accurately reflected Plaintiff's bankruptcy filing.

17. Upon information and belief, derogatory creditor Quincy ceased updating the account to Trans Union following Plaintiff's bankruptcy discharge, including to report Plaintiff as having a balance on an account that he discharged in bankruptcy.

18. Nevertheless, Trans Union continued to report the status of this account as having a balance and past due following the bankruptcy discharge.

19. On or about September 2, 2021, Plaintiff sent dispute letters to Trans Union and Quincy Credit Union via certified mail informing them that his credit report was not being reported accurately.

20. Plaintiff's dispute letters included Plaintiff's date of birth, social security number, address, full name, and bankruptcy case number.

21. Upon information and belief, Trans Union, and Quincy Credit Union received Plaintiff's dispute letter.

22. Plaintiff's bankruptcy filing are reporting in public records.

23. Trans Union and Quincy's failure to identify the bankruptcy and status of the accounts is due to their unreliable automated procedures for obtaining this information for their vendors.

24. Trans Union knew or should have known that something was wrong when the derogatory accounts continued to report incorrect information after Plaintiff's bankruptcy discharge.

25. Plaintiff's disputes provided sufficient information to place Trans Union and Quincy on notice that it had missed Plaintiff's bankruptcy and mistaken status of the accounts.

26. Upon information and belief, Trans Union proactively seeks out and pays for consumer public record bankruptcy information in order to post it to their credit reports. Trans Union has been conducting such inquiries via third party vendors for many years and searches daily for all U.S. Consumer bankruptcy filings with the purpose of reporting them to consumers' credit report.

27. Upon information and belief, Quincy received notice of the Plaintiff's bankruptcy filing, as Quincy was included in the bankruptcy matrix.

28. Trans Union is reporting that Plaintiff owes debts to Quincy that she does not actually owe, thereby damaging her credit scores.

29. As a result of Trans Union and Quincy's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

30. Trans Union's inaccurate reporting is particularly aggravating of Plaintiff's damages because it failed entirely to reflect Plaintiff's Quincy account as being discharged in the Chapter 7 bankruptcy and its inaccurate reporting damaged Plaintiff's credit.

31. Trans Union caused Plaintiff stress and anxiety about her credit reputation and a belief that he may still owe debts on an account that she believed were included in his Chapter 7 bankruptcy.

32. Trans Union's reporting has caused Plaintiff to be denied credit and to receive credit at less favorable terms.

## COUNT I
### Violations of the FCRA, 15 U.S.C. V 1681 *et seqI.*

33. Plaintiff incorporates by reference paragraphs one (1) to thirty-two (32) of this Complaint as though fully stated herein.

34. The FCRA requires a credit reporting agency, either after receiving notice that a consumer disputes information that is being reported by a furnisher, to conduct a reasonable investigation with respect to the disputed information.

35. Trans Union failed to conduct a reasonable investigation under 15 U.S.C. §1681i.

36. Trans Union failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and files, in violation of 15 U.S.C. §1681e(b).

37. Trans Union violated 15 U.S.C. §§1681n and 1681o of the FCRA by willfully engaging in the following conduct that violates §1681s-2(a), (b):

   a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;

   b. Willfully and negligently failing to review all relevant information concerning Plaintiff's files;

   c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to add credit reporting agencies;

   d. Willfully and negligently failing to property participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff; and

   e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiffs to other credit reporting agencies.

38. Trans Union failed to conduct a reasonable investigation following receipt of a dispute.

39. Upon information and belief, after Trans Union received Plaintiff's dispute, Trans Union provided notice of said disputes to Quincy.

40. The FCRA requires furnishers such as Quincy, either after receiving notice directly from the consumer or from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information. The investigation involves (a) reviewing all relevant information, (b) reporting the results of the investigation to the credit reporting agency, and (c) if the investigation reveals that the information is incomplete or inaccurate, reporting those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

41. Quincy failed to conduct a reasonable investigation following receipt of Plaintiff's disputes under 15 U.S.C. §1681i(a)(2).

42. Quincy has willfully provided inaccurate information to Trans Union.

43. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants' are liable to compensate Plaintff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. §1681n.

44. As a result of the above described violations Plaintiff has sustained damages including loss of the opportunities to obtain credit or better credit conditions, emotional distress, and mental and physical pain.

45. Defendants' violation of the FCRA was willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## COUNT II
### DEFENDANT EXPERIAN VIOLATED THE MASSACHUSETTS GENERAL LAWS, M.G.L. CH.93 §54A(a) AGAINST QUINCY CREDIT UNION

46. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47. Massachusetts General Law, Chapter 93 §54A(a) provides that "[e]very person who furnishes information to a consumer reporting agency shall follow reasonable procedures to ensure that the information reported to a consumer reporting agency is accurate and complete. No person may provide information to a consumer reporting agency if such person knows or has reasonable cause to believe such information is not accurate of complete."

48. Following a demand by Plaintiff, Defendant Quincy failed to take the necessary corrective action.

49. Quincy provided inaccurate and incomplete information to Trans Union, by informing them that Plaintiff was past due on her account.

50. Quincy's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiffs that are outlined more fully above, and as a result, Quincy is liable to compensate Plaintiff for the full amount of actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by Mass. Gen. Laws ch. 93 §§63, 64.

51. As a result of the above-described violations Plaintiffs have sustained damages including loss of the opportunities to obtain credit or better credit conditions, emotional distress, and mental and physical pain.

52. Quincy's violations of the MCRL was willful and therefore Plaintiff is entitled to seek punitive damages.

## COUNT III
### Violations of the MCPL, Mass. Gen. Laws ch. 93A, §§1-11, and Mass. Code Regs. 7.00 *et seq*. Against Quincy Credit Union

53. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein.

54. Massachusetts General Law, Chapter 93A §2(a) makes unlawful, unfair or deceptive acts or practices in the conduct of any trade or commerce. §2(c) authorizes the attorney general to make rules and regulations interpreting §2(a). The attorney general has interpreted §2(a) as encompassing the following acts or practices (940 Mass. Code Regs. 7.07):

   a. "Any knowingly false or misleading representation in any communication as to the character, extent or amount of the debt..." 7.07(2).

   b. "Any false, deceptive, or misleading representation, communication, or means in connection with the collection of any debt or to obtain information concerning a debtor." 7.07(8).

   c. "Any false or misleading representation or implication that the debtor committed any crime or other conduct in order to disgrace the debtor." 7.07(10).

   d. "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false including without limitation, the failure to communicate that a disputed debt is disputed." 7.07(11).

58. Quincy violated the MCPL by communicating false and misleading information concerning a debt – including its character, extent, and amount – and debt collection about Plaintiff, disgracing Plaintiff.

59. Quincy's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Quincy is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, we well as other such relief, permitted by Mass. Gen. Laws ch. 93A §9.

60. As a result of the above-described violations Plaintiff has sustained damages including loss of the opportunities to obtain credit or better credit conditions, emotional distress, and mental and physical pain.

61. Quincy's violations of the MCPL was willful or knowing and therefore Plaintiff is entitled to seek three times their actual damages under Mass. Gen. Laws ch. 93A §9(3).

## COUNT IV
### DEFENDANT QUINCY CREDIT UNION VIOLATED THE FEDERAL RULES OF BANKRUPTCY 11 U.S. Code §362(a) & §524(a),

62. Plaintiff incorporates the foregoing paragraphs as though the same were set forth.

63. 11 U.S.C. § 362(a) of the Bankruptcy Code provides that a petition filed under section 301, 302, or 202 of this title... operates as a stay, applicable to all entities, of -

    (1) the commencement or continuation, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of this title;

    (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor;

64. 11 U.S.C. § 524(a) provides that a discharge in a case under this title-

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not such discharge of such debt is waived.

(2) operates as an injunction against the commencement or continuation of an action... to collect, recover, or offset any such debts as a personal liability of the debtor, whether or not discharge of such debt is waived.

65. By continuing to report balances on debts that were discharged in a Chapter 7 Bankruptcy to Credit Reporting Agencies and putting other parties on notice that balances are owed, Quincy violated 11 U.S.C. §§ 362, 524.

66. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damage,, and harm to Plaintiff, and as a result, Defendants' are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages.

**JURY DEMAND**

67. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demand a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A.  Declaratory judgment that Defendants violated the FCRA, 11 U.S.C. 362 & 524(a), and MCPL, Mass. Gen. Laws. ch. 93A, §§1-11, and Mass. Code Regs. 7.00;

B.  Actual damages against Defendants pursuant to 15 U.S.C. §1681n(a)

C.  Statutory damages against Defendants pursuant to 15 U.S.C. §1681n(a)(1)(A);

D.  Punitive damages against Defendants pursuant to 15 U.S.C. §1681n(a)(2);

E.  Costs and reasonable attorney's fees against Defendants pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

F.  Actual damages against Quincy pursuant to Mass. Gen. Laws ch. 93 §§63, 64, ch. 93A §9(1);

G.  Statutory damages against Quincy pursuant to Mass. Gen. Laws ch. 93A §9(3);

H.  Punitive damages against Quincy pursuant to Mass. Gen. Laws ch. 93 §63, ch. 93A §9(3);

I.  Costs and reasonable attorney's fees against Quincy pursuant to Mass. Gen. Laws ch. 93 §§63, 64, ch. 93A §9(4);

J. Any pre-judgment and post-judgment interest as may be allowed under the law;

and

K. Any other relief that this Court deems appropriate.

|  |  |
|---|---|
| Dated: November 24, 2021 | RESPECTFULLY SUBMITTED,<br>**THE LAW OFFICE OF**<br>**ATTORNEY NICK YOUSIF**<br><br>By:<u>**/s/ Nicola Yousif**</u><br>Nicola Yousif, Esq. (MA#679545)<br>Matthew McKenna, Esq. (MA #705644)<br>157 Belmont St.<br>Brockton, MA 02301<br>Telephone: (508) 588-7300<br>E-Mail: nick@yousiflaw.com<br>E-Mail: matt@yousiflaw.com<br>*Attorneys for Plaintiff,*<br>*Michelle White* |